**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────

**AYMAN ABDEL-KARIM,**

                **Plaintiff,**        **12 Civ. 5614 (JGK)**

      - against -                 **MEMORANDUM OPINION**
                                                   **AND ORDER**
**EGYPTAIR HOLDING COMPANY a/k/a**
**EGYPTAIR GROUP; EGYPTAIR AIRLINES;**
**and ARAB REPUBLIC OF EGYPT,**

                **Defendants.**
────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Ayman Abdel-Karim, brought this action against EgyptAir Holding Company a/k/a EgyptAir Group ("EgyptAir Holding") and EgyptAir Airlines ("EgyptAir Airlines") (collectively, the "EgyptAir Defendants"), as well as the Arab Republic of Egypt, in the New York State Supreme Court, New York County.  EgyptAir Holding then removed the case to this Court.  The plaintiff now moves to remand the case to state court, and the EgyptAir Defendants oppose the plaintiff's motion.

**I.**

    On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal."  Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc., 368 F.3d 86, 100 (2d Cir. 2004) (citations and internal quotation marks omitted).  EgyptAir Holding removed this case to federal court on several grounds,

including 28 U.S.C. § 1441(d). § 1441(d) provides: "Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending." A "foreign state" includes "an agency or instrumentality of a foreign state," defined as any entity "which is a separate legal person, corporate or otherwise," and which "a majority of whose shares or other ownership interest is owned by a foreign state," and "which is neither a citizen of a State of the United States . . . nor created under the laws of any third country." 28 U.S.C. § 1603(a)-(b).

## II.

At all times relevant to this action, EgyptAir Holding has been an entity organized and existing under the laws of Egypt and has been wholly owned by the Arab Republic of Egypt. (Defs.' Mem. Opp. Mot. Remand at 2.) The plaintiff acknowledges that "EgyptAir Holding is an agency or instrumentality of a foreign sovereign" (Pl.'s Mem. Supp. Mot. Remand at 5), and does not dispute that a majority of EgyptAir Holding's shares is owned by Egypt. As a foreign state, EgyptAir Holding has the right to remove an action against it pursuant to 28 U.S.C. § 1441(d). A foreign state defendant generally may remove the

2

action to federal court without the consent of the other defendants. See 28 U.S.C. § 1446(b)(2)(A) (providing that consent of all defendants is required only when an action is removed solely under 28 U.S.C. § 1441(a)). Because EgyptAir Holding is a "foreign state" as defined in 28 U.S.C. § 1603, its removal of this case pursuant to 28 U.S.C. § 1441(d) was proper. Therefore, the plaintiff's motion to remand is **denied**. Because removal was plainly proper under § 1441(d), it is unnecessary to reach the other asserted grounds for removal.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the foregoing reasons, the plaintiff's motion to remand the case to the New York State Supreme Court, New York County, is **denied**. The Clerk is directed to close Docket No. 10.

SO ORDERED.

Dated: New York, New York
October 19, 2012

John G. Koeltl
United States District Judge

3